## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BRANDI K. ALEXANDER AND KRISTIN PEPPERS, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) Civil Action <br> ) File No.: 1:17-CV-02064-MHC <br> ) |
| SIX FLAGS ENTERTAINMENT CORPORATION, SIX FLAGS OVER GEORGIA II, L.P., SIX FLAGS OVER GEORGIA, LLC, INTAMIN AMUSEMENT RIDES INT. CORP. EST., INTARIDE LLC, INTERNATIONAL AMUSEMENTS, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS SIX FLAGS ENTERTAINMENT CORPORATION, SIX FLAGS OVER GEORGIA II, L.P. and SIX FLAGS OVER GEORGIA, LLC

COME NOW Defendants Six Flags Entertainment Corporation, Six Flags Over Georgia II, L.P., and Six Flags Over Georgia, LLC, (hereinafter, "these Defendants"), and for their Answer to the Plaintiffs' Complaint, show the Court the following:

## FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

No act or omission on the part of these Defendants proximately caused Plaintiffs' alleged injuries and damages.

## THIRD DEFENSE

The alleged injuries and damages complained of by the Plaintiffs were caused by parties, entities, and/or circumstances beyond the control of these Defendants.   As such, there can be no recovery against these Defendants whatsoever.

## FOURTH DEFENSE

At all times material hereto, these Defendants acted reasonably and prudently.  As such, there can be no recovery against these Defendants whatsoever.

## FIFTH DEFENSE

In the exercise of ordinary care, Plaintiffs Brandi Alexander and Kristin Peppers could have avoided the incident complained of and, on account thereof, Plaintiffs are barred from any recovery.  Moreover, Plaintiffs' negligence was equal to or greater than any negligence of these Defendants, which negligence is denied.  As such, there can be no recovery against these Defendants whatsoever.

## SIXTH DEFENSE

The Defendant Six Flags Entertainment Corporation is not a proper party to this case and, therefore, it must be dismissed.

## SEVENTH DEFENSE

The Defendant Six Flags Over Georgia, LLC is not a proper party to this case and, therefore, it must be dismissed.

## EIGHTH DEFENSE

The Court lacks jurisdiction over Six Flags Entertainment Corporation.

## NINTH DEFENSE

Six Flags Entertainment Corporation must be dismissed due to improper service and insufficiency of service of process.

## NINTH DEFENSE

Neither Six Flags Entertainment Corporation nor Six Flags Over Georgia, LLC operate the location where this alleged event occurred.  Therefore, these entities should be dismissed.

## TENTH DEFENSE

These Defendants respond to the individually numbered paragraphs of the Plaintiff's Complaint as follows:

1.

In response to Paragraph 1, these Defendants generally admit that this is a personal injury lawsuit against the Defendants.  In further response, these Defendants deny that they committed any wrongdoing in the manner alleged in the Complaint.  These Defendants further deny that they are liable to the Plaintiffs for any of the damages alleged in the Compliant.

2.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

3.

In response to Paragraph 3, it is admitted that Defendant Six Flags Entertainment Corporation is a Delaware corporation with a principal place of business at 924 Avenue J East, Grand Prairie, Texas  75050.  In further response, Defendant Six Flags Entertainment Corporation denies that it is a proper party to this lawsuit.

4.

In response to Paragraph 4 of, it is admitted that Defendant Six Flags Entertainment Corporation may be served through its registered agent for service

of process in the State of Delaware:   Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.   All remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.

The allegations contained in Paragraph 5 of the Plaintiffs' Complaint are generally admitted.

6.

The allegations contained in Paragraph 6 of the Plaintiffs' Complaint are admitted.

7.

The allegations contained in Paragraph 7 of the Plaintiffs' Complaint are admitted as it relates to the operation and management of the park.

8.

The allegations contained in Paragraph 8 of the Plaintiffs' Complaint are admitted.   In further response, it is specifically denied that Defendant Six Flags Over Georgia, LLC is a proper party to this lawsuit.

9.

The allegations contained in Paragraph 9 of the Plaintiffs' Complaint are admitted.  In further response, it is specifically denied that Defendant Six Flags Over Georgia, LLC is a proper party to this lawsuit.

10.

In response to Paragraph 10 of the Plaintiffs' Complaint, it is admitted that Defendant Six Flags Over Georgia, LLC owns the property upon which Six Flags Over Georgia is located.  By way of further response, Six Flags Over Georgia, LLC leases the property to Defendant Six Flags Over Georgia II, L.P., and does not operate, manage, inspect or control the subject amusement park.   It is specifically denied that Six Flags Over Georgia, LLC is a proper party to this case.

17. [Sic]

In response to "Paragraph 17" of the Plaintiffs' Complaint, these Defendants lack information to form a belief as to the allegations contained in "Paragraph 17" of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

11.

The allegations contained in Paragraph 11 of the Plaintiffs' Complaint are denied, as stated.

12.

The allegations contained in Paragraph 12 of the Complaint are admitted.

## **STATEMENT OF JURISDICTION AND VENUE**

13.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.  In further response, to the extent Paragraph 13 makes any allegations that these Defendants are liable in any way, all such allegations are denied.

14.

The allegations contained in Paragraph 14 of the Complaint are generally admitted.

15.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.  In further response, to the extent Paragraph 15 makes any allegations that these Defendants are liable in any way, all such allegations are denied.

## FACTS

16.

In response to Paragraph 16 of the Complaint, these Defendants incorporate their responses to the allegations contained in Paragraphs 1-15 (and improperly numbered Paragraph 17) as if fully set forth herein.

Second Paragraph 17.

The allegations contained in the Second Paragraph 17 of the Complaint are admitted as to the Defendant Six Flags Over Georgia II, L.P., as it relates to the operation and management of the park.   In further response, all remaining allegations contained in the Second Paragraph 17 of the Complaint are denied.

18.

The allegations contained in Paragraph 18 of the Complaint are admitted as to the Defendant Six Flags Over Georgia II, L.P.  In further response, all remaining allegations contained in Paragraph 18 of the Complaint are denied.

19.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

20.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

21.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

22.

The allegations contained in Paragraph 22 of the Plaintiffs' Complaint are generally admitted.

23.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

24.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, this

paragraph can neither be admitted nor denied.   In further response, theseDefendants state that all rules and regulations were followed.

25.

The allegations contained in Paragraph 25 of the Plaintiffs' Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Plaintiffs' Complaint are denied.

27.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.  In further response, it is denied that these Defendants were negligent in any manner whatsoever.

28.

The allegations contained in Paragraph 28 of the Plaintiffs' Complaint are denied.

29.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

30.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

## **COUNT I: Negligence**

31.

In response to Paragraph 31 of the Complaint, these Defendants incorporate their responses contained in Paragraphs 1 – 30 as if stated herein.

32.

In response to Paragraph 32, it is admitted that Defendant Six Flags Over Georgia II, L.P. owed Plaintiff a duty to exercise ordinary care to keep its property free from unreasonable hazards and defects.  This paragraph is denied as to Defendants Six Flags Entertainment Corporation and Six Flags Over Georgia, LLC.  In further response, these Defendants specifically deny that they breached their duties to the Plaintiffs in any way whatsoever.

33.

The allegations contained in Paragraph 33 of the Plaintiffs' Complaint are denied.

34.

The allegations contained in Paragraph 34 of the Plaintiffs' Complaint are denied.  In further response, subparts a – k following Paragraph 34 are also denied.

35.

The allegations contained in Paragraph 35 of the Complaint are denied.

36.

The allegations contained in Paragraph 36 of the Complaint are denied.

37.

The allegations contained in Paragraph 37 of the Complaint are denied.

38.

The allegations contained in Paragraph 38 of the Complaint are denied.

40.

The allegations contained in Paragraph 40 of the Complaint are denied.

41.

The allegations contained in Paragraph 41 of the Complaint are denied.

## COUNT II:  Respondeat Superior

Second Paragraph 31.

In response to the "Second Paragraph 31" of the Complaint, these Defendants incorporate their responses contained in Paragraphs 1 – 30 (all preceding paragraphs) as if stated herein.

Second Paragraph 36.

The allegations contained in the "Second Paragraph 36" of the Plaintiffs' Complaint are denied.

## COUNT III:  Negligent Hiring and Supervision

Third Paragraph 31.

In response to the "Third Paragraph 31" of the Complaint, these Defendants incorporate their responses contained in all preceding paragraphs as if stated herein.

Second Paragraph 37.

The allegations contained in the "Second Paragraph 37" of the Plaintiffs' Complaint are denied.

## COUNT IV:  In the Alternative, Ostensible Agency

Fourth Paragraph 31.

In response to the "Fourth Paragraph 31" of the Complaint, these Defendants incorporate their responses contained in all preceding paragraphs as if stated herein.

Second Paragraph 38.

The allegations contained in Plaintiffs' "Second Paragraph 38" of the Complaint are denied.

## COUNT V:  Joint Enterprise

Fifth Paragraph 31.

In response to the "Fifth Paragraph 31" of the Complaint, these Defendants incorporate their responses contained in all preceding paragraphs as if stated herein.

Second Paragraph 39.

The allegations contained in the "Second Paragraph 39" of the Complaint are denied.

## COUNT VI:  Products Liability-Negligence

Sixth Paragraph 31.

In response to the "Sixth Paragraph 31" of the Complaint, these Defendants incorporate their responses contained in all preceding paragraphs as if stated herein.

Second Paragraph 40.

The allegations the "Second Paragraph 40" of the Plaintiffs' Complaint are denied as to these Defendants.  In further response, subparts a-g following Second Paragraph 40 are also denied as to these Defendants.

Second Paragraph 41.

The allegations contained in the "Second Paragraph 41" of the Plaintiffs' Complaint are denied as to these Defendants.

## COUNT VII:  Products Liability

Seventh Paragraph 31.

In response to "Seventh Paragraph 31" of the Complaint, these Defendants incorporate their responses contained in all preceding paragraphs as if stated herein.

42.

The allegations contained in Paragraph 42 of the Plaintiffs' Complaint are denied as to these Defendants.

43.

The allegations contained in Paragraph 43 of the Plaintiffs' Complaint are denied as to these Defendants.

44.

The allegations contained in Paragraph 44 of the Plaintiffs' Complaint are denied as to these Defendants. Responding further, it is expressly denied that Plaintiffs are entitled to the relief prayed for in the unnumbered "WHEREFORE" paragraph following Paragraph 44 of the Complaint.

45.

Any allegation that has not been specifically admitted herein is hereby denied.

46.

These Defendants demand a Twelve Person Jury at the trial of this case.

WHEREFORE, having fully answered, these Defendants demand judgment in their favor with costs cast against the Plaintiffs.

This 27th day of June, 2017.

Respectfully submitted,

WEATHINGTON McGREW, P.C.

*Wayne D. McGrew, III*
*Andrew M. Bagley*

By: _____

WAYNE D. MCGREW, III
State Bar No.: 493216
ANDREW. M. BAGLEY
State Bar No.: 959771
*Attorneys for Defendants*

191 Peachtree Street, NE
Suite 30303
Atlanta, Georgia  30303
404-524-1600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter electronically via CM/ECF and by depositing a copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

John B. Jackson
Law Office of John B. Jackson & Associates
110 Wagon Yard Plaza
Carrolton, GA  30117

This <u>27th</u> day of June, 2017

*/s/ Wayne D. McGrew, III*
*/s/ Andrew M. Bagley*
_____

WAYNE D. MCGREW, III
State Bar No.: 493216
ANDREW M. BAGLEY
State Bar No.: 959771
*Attorneys for Defendants*

Weathington McGrew, P.C.
191 Peachtree Street, NE
Suite 3900
Atlanta, Georgia  30303
404-524-1600